**MARSHALL LEASING, INC., a Washington corporation, Plaintiff–Appellant,**

v.

**UNITED STATES of America, United States Department of Justice, Drug Enforcement Administration, Defendants–Appellees.**

No. 87–4344.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 1989.

Decided Jan. 11, 1990.

As Amended Mar. 1, 1990.

Before SCHROEDER, POOLE, and NELSON, Circuit Judges.

NELSON, Circuit Judge:

Appellant contends that the district court erred in dismissing its action on the grounds that the complaint did not state an equitable claim as required for a waiver of sovereign immunity under 5 U.S.C. § 702 and that appellant had an adequate remedy at law in the Claims Court under the Tucker Act. We find that appellant's complaint sought equitable relief. We reverse the district court's finding that appellant had an adequate remedy at law as to its first three claims alleging a denial of due process under the fifth amendment, and affirm as to the fourth alleging a taking without just compensation. We remand with instructions to the district court to allow appellant to amend its complaint to eliminate its requests in the alternative for monetary relief, for which there is no waiver of sovereign immunity from suit in the district court, and to adjudicate the first three claims on the merits.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant brought this action to challenge an administrative forfeiture of a Mercedes Benz in which appellant claims an ownership or security interest. Appellant is an automobile leasing company. According to the complaint, deputies of the Multnomah County Sheriff's office and agents of the Drug Enforcement Administration (DEA) seized the Mercedes on October 7, 1984 from Mark Gaudry, who was in possession of the Mercedes pursuant to a sales/repurchase agreement with an option to purchase. The seizure was the product of a joint investigation by the DEA and Multnomah County of Mr. Gaudry.

Multnomah County filed a forfeiture action shortly after the October 7, 1984 seizure, alleging that Mr. Gaudry had used the car to facilitate the commission of two drug offenses. Appellant intervened in that action as a party in interest and contested the forfeiture.

Ronald H. Hoevet, Portland, Or., for plaintiff-appellant.

Jack G. Collins, Asst. U.S. Atty., Portland, Or., for defendants-appellees.

On October 12, 1984, Congress enacted changes in the laws governing forfeitures of property seized by customs officers. Sections 1604 and 1607 of title 19 of the U.S.Code, which previously had required judicial forfeiture of property valued at more than $10,000, were amended to permit administrative forfeiture of property valued under $100,000 and to require the Attorney General to initiate judicial forfeiture proceedings (in the absence of a claim and bond filed pursuant to section 1608) only of property valued at more than that amount. The changes were effective October 15, 1984. 19 U.S.C. §§ 1604, 1607, 1608, 1610.

On July 16, 1985, appellant received written notice from the DEA that it had adopted a seizure of the Mercedes by DEA agents, which the notice stated they had effected on June 12, 1985. The DEA published notice of seizure on August 1, 8, and 15, 1985, and the Mercedes was administratively forfeited.

Appellant filed a timely petition for mitigation or remission of forfeiture of the Mercedes pursuant to 19 U.S.C. § 1618. The petition was denied, as was appellant's subsequent timely petition for reconsideration.

Appellant sought relief in federal district court. Appellant's first three claims constitute a collateral attack on the forfeiture proceeding, and its fourth claim is an appeal from the DEA denial of appellant's petition for remission or mitigation of forfeiture. In the first and second claims appellant alleges it was denied due process of law because the defendants failed to commence judicial forfeiture proceedings, as was required by the forfeiture laws in effect at the time of the seizure, 19 U.S.C. §§ 1604, 1607.[1] The third claim alleges that appellant was denied due process under the fifth amendment of the United States Constitution because the notice of seizure was inadequate and misleading. The fourth claim alleges that appellees' denial of appellant's petition violates its rights under the takings clause of the fifth

amendment because appellant was an innocent owner and had taken all reasonable steps to prevent the illicit use of its property.

Appellants moved to dismiss pursuant to Federal Rule of Civil Procedure 12 on the ground that the United States had not waived its sovereign immunity with respect to any of the claims and that the court lacked subject matter jurisdiction over the fourth. The magistrate found that appellant's claims were equitable in nature and therefore the sovereign immunity of the United States was waived by section 702 of the Administrative Procedures Act (APA). 5 U.S.C. § 702. He also found that the district court had jurisdiction over an appeal from a denial of a petition for remission or mitigation of forfeiture.

The district court disagreed and granted appellants' motion to dismiss. The court reasoned that the "action is principally an action at law for money damages" and that the APA therefore does not waive sovereign immunity. The court also found that there was an adequate remedy at law.

Appellant timely appealed.

## DISCUSSION

### I. Standard of Review

This court reviews de novo a district court's determination of subject matter jurisdiction. Clayton v. Republic Airlines, Inc., 716 F.2d 729, 730 (9th Cir.1983).

### II. Sovereign Immunity

■ The district court found that appellant's claims were principally for money damages and that therefore sovereign immunity was not waived under the APA. The United States is immune from suit unless it has consented to be sued, and the terms of its consent to be sued in any court define the jurisdiction of that court to entertain the suit. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); accord United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948,

---

**1.** Appellant apparently intends to argue that the DEA's seizure of the car occurred on October 7, 1984, prior to the legislative change that allows administrative forfeiture of items under $100,-000.

953, 47 L.Ed.2d 114 (1976). Section 702 of the APA, 5 U.S.C. § 702, waives sovereign immunity over claims for equitable relief based on agency action. Section 702 of the APA provides:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensible party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States.

5 U.S.C. § 702.

Appellant's complaint seeks the return of forfeited property or, in the alternative, monetary compensation in the amount of its ownership or security interest. Return of forfeited property is an equitable remedy. *See, e.g., Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 2732–33, 101 L.Ed.2d 749 (1988) (defining an equitable remedy in part as an action for specific relief "which may include an order ... for the recovery of specific property"); *Willis v. United States,* 787 F.2d 1089, 1092–93 (7th Cir.1986). *See generally* D. Dobbs, Remedies § 4.4 (1973). A party's request for money damages in the alternative to equitable relief does not alone alter the equitable character of the relief requested.

Appellees nevertheless contend that appellant's action is principally one at law for money damages and that section 702 therefore does not waive sovereign immunity. Section 702 states: "Nothing herein ... (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. The Tucker Act grants the Claims Court exclusive jurisdiction over actions against the

United States for money damages in excess of $10,000. 28 U.S.C. § 1346(a)(2), 1491; *Bedoni v. Navajo–Hopi Indian Relocation Comm'n,* 854 F.2d 321, 325 (9th Cir.1988) (stating that "[t]he scope of judicial review of agency decisions by district courts is limited, however, by the 'preclusion-of-review statutes created or retained by Congress' to which 28 U.S.C. § 1331 is subject" and noting that the Tucker Act is such a statute (quoting *Califano v. Sanders,* 430 U.S. 99, 106, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977))). A party may not avoid the Claims Court's jurisdiction by framing an action against the federal government that appears to seek only equitable relief when the party's real effort is to obtain damages in excess of $10,000. *McKeel v. Islamic Republic of Iran,* 722 F.2d 582, 590 (9th Cir.1983), *cert. denied,* 469 U.S. 880, 105 S.Ct. 243, 83 L.Ed.2d 182 (1984). This court has, however, only found that "the real effort of the complaining party is to obtain money [in excess of $10,000]," *Rowe v. United States,* 633 F.2d 799, 802 (9th Cir.1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1981), when the equitable claim is spurious or "the actual relief resulting from [review of the equitable claim] would be monetary." *Id.; see, e.g., McKeel,* 722 F.2d at 590 ("The only value to appellants of the declaratory judgment they seek would be to have it serve as res judicata in the Claims Court [where they could obtain money damages]."); *Bakersfield City School Dist. v. Boyer,* 610 F.2d 621, 628 (9th Cir.1979) (refusing jurisdiction over a claim seeking an order requiring payment of funds improperly deferred, reasoning that the only impact of the "equitable" relief would be monetary). In contrast, the equitable relief sought in this case is not an injunction, order, or declaratory judgment whose only function is to aid in obtaining monetary compensation; rather, it is a request for return of property. *See Floyd v. United States,* 860 F.2d 999, 1005 (10th Cir.1988) (rejecting the government's argument that the Claims Court had exclusive jurisdiction under the Tucker Act of a claim seeking return of money that had been forfeited, on the ground that return of forfeited money

is an equitable remedy). We therefore reject appellees' argument that appellant's claims are principally for money damages and hold that appellant's claims for equitable relief are not barred by the doctrine of sovereign immunity.

We can find no comparable waiver of sovereign immunity, however, that would allow appellant to recover the monetary damages from the government he seeks in the alternative. Appellant should be permitted to amend his complaint to eliminate its request for damages. *See, e.g., McCartin v. Norton*, 674 F.2d 1317, 1322 (9th Cir.1982) (remanding to the district court with instructions to allow appellant to amend his complaint in part to eliminate claims for monetary damages against the government that were barred by sovereign immunity, where sovereign immunity over appellant's nonmonetary claims was waived by 5 U.S.C. § 702).

## III. *Adequate Remedy at Law*

Appellees also contend, and the district court believed, that the district court could not exercise equitable jurisdiction because appellant had an adequate remedy at law in the form of an action for money damages in the Claims Court. We disagree as to appellant's first three claims.

Section 704 of the Administrative Procedure Act bars review of agency action by the district court when there is an adequate remedy in another forum.[2] *See, e.g., Bowen v. Massachusetts*, 108 S.Ct. at 2736–37. The district court found, and appellees here argue, that there was an adequate remedy at law because plaintiff "has alleged no facts from which the court could conclude that money damages would not be adequate. For example, plaintiff asserts no special or sentimental value in the automobile." A court must examine two factors in determining whether an adequate remedy at law exists: whether monetary relief would be adequate if received and whether there is a forum in which the claim for relief can be heard. The former, but not

the latter, requirement is satisfied as to appellant's claims alleging a denial of due process under the fifth amendment.

The Tucker Act grants the Claims Court jurisdiction to render judgment upon any claim against the United States founded upon the Constitution, an Act of Congress, a regulation of an executive department, or an express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. 28 U.S.C. § 1491(a)(1) (1982). The Tucker Act, however, " 'does not create any substantive right enforceable against the United States for money damages.' " *United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976)). A claim for damages must be based upon a violation of a source of law set forth in the Act that " ' "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." ' " *Mitchell*, 463 U.S. at 217, 103 S.Ct. at 2968 (quoting *Testan*, 424 U.S. at 400, 96 S.Ct. at 954 (quoting *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967))).

The Ninth Circuit has held that the due process clause mandates the payment of money by the United States and therefore is a proper basis of district court jurisdiction under the Tucker Act. *Wiren v. Eide*, 542 F.2d 757, 760, 765 n. 10 (9th Cir.1976) (holding that the court had jurisdiction under the Tucker Act to hear plaintiff's claims that forfeiture proceedings violated the due process clause of the fifth amendment, and stating that "the fifth amendment and the statutory forfeiture scheme each plainly mandate compensation, at least in restitutionary measure, to the owner of wrongfully seized property"); *accord Baker v. United States*, 722 F.2d 517, 518 (9th Cir.1983); *Simons v. United States*, 497 F.2d 1046, 1049–50 (9th Cir. 1974). Appellees urge this court to hold on the basis of the latter decisions that appel-

---

2. Section 704 provides:
   Every agency action made reviewable by statute and every final agency action for which

there is no other adequate remedy in any court shall be subject to judicial review.
5 U.S.C. § 704.

lant has an adequate remedy under the Tucker Act in the Claims Court. Appellees neglect to mention, however, that the Claims Court itself repeatedly has refused jurisdiction over any fifth amendment due process claim, reasoning that the due process clause, unlike the just compensation clause, does not mandate compensation by the United States. *See, e.g., Golder v. General Elec. Credit Corp.*, 15 Cl.Ct. 513, 517 (1988) ("It is well established that the due process clause of the Fifth Amendment of the Constitution does not mandate the payment of money by the United States.... Hence, this court lacks jurisdiction to entertain a claim by plaintiff based upon a violation of the Fifth Amendment due process clause arising from the seizure and release of the aircraft."); *Noel v. United States*, 16 Cl.Ct. 166, 169 (1989) (same); *Cabrera v. United States*, 10 Cl.Ct. 219, 222 (1986) (same); *Shaw v. United States*, 8 Cl.Ct. 796, 800 (1985) (same).

The district court should not refuse jurisdiction over an equitable claim on the ground that there is an adequate remedy at law unless there is a forum in which the claim for monetary damages can be heard. *Cf. Bowen v. Massachusetts*, 108 S.Ct. at 2738 (rejecting the argument that the district court did not have jurisdiction to hear a claim for equitable relief because monetary relief was available in the Claims Court under the Tucker Act, in part on the ground that it was not altogether clear that the Claims Court would have jurisdiction). The only court that might have statutory authority to hear the claim for monetary damages against the United States has held that it has no jurisdiction over suits of this kind. Therefore, the district court had jurisdiction to hear appellant's first three claims seeking equitable relief for denial of due process in forfeiture proceedings.

In contrast, it is not clear that the Claims Court would refuse jurisdiction over appellant's fourth claim alleging that the DEA's denial of appellant's petition for remission or mitigation of forfeiture effected a taking without just compensation. The Claims Court often has held that the fifth amendment takings clause mandates compensation when it is violated and therefore can be a proper basis for Tucker Act jurisdiction. *See, e.g., Noel*, 16 Cl.Ct. at 169; *LaChance v. United States*, 15 Cl.Ct. 127, 130 (1988). Although the Claims Court in the past has refused jurisdiction in cases attacking denials of a petition for remission or mitigation of forfeiture, *see, e.g., Torres v. United States*, 15 Cl.Ct. 212, 217 (1988); *LaChance*, 15 Cl.Ct. at 130, it has not yet addressed the question presented here: whether it has jurisdiction to review such a denial when the plaintiff alleges that application to him of a forfeiture is unconstitutional because he is an innocent and did "all that reasonably could be expected to prevent the proscribed use of his property." *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 689, 94 S.Ct. 2080, 2094, 40 L.Ed.2d 452 (1974).[3] Several courts have recognized that *Pearson Yacht* created an exception to the general rule that courts do not have the power to review a denial of a petition for remission of forfeiture. *See, e.g., DeVito v. United States*, 520 F.Supp. 127, 129–30 (E.D.Pa.1981) (holding that the district court has jurisdiction over a fifth amendment challenge to the denial of the petition for remission of a forfeiture of a claimant who alleges he is innocent and has made reasonable efforts to prevent the offensive use of the forfeited property). Our own court also has indicated that a district court that otherwise has jurisdiction may review such a claim.[4]

---

3. In *Calero–Toledo*, 416 U.S. at 690, 94 S.Ct. at 2095, the Supreme Court, while reaffirming that statutory forfeitures are not unconstitutional solely because they enmesh the property interests of innocents, stated that application of the forfeiture statutes to "an owner who proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property" would "give

rise to serious constitutional questions." *Id.* at 689, 94 S.Ct. at 2094.

4. Although we have held that the Attorney General's denial of a request for remission generally is not reviewable, *see, e.g., United States v. One 1967 Ford Mustang*, 457 F.2d 931, 932–33 (9th Cir.1972), *cert. denied*, 409 U.S. 850, 93 S.Ct. 59, 34 L.Ed.2d 92 (1972), we have suggested that *United States v. United States Coin & Currency*, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434

Therefore, appellant may have an adequate remedy at law under the Tucker Act in the Claims Court for his fourth claim and the district court properly declined to exercise jurisdiction.[5]

## IV. *Subject Matter Jurisdiction*

█ The district court had subject matter jurisdiction over the first three claims, which arise under the forfeiture statutes and the due process clause of the United States Constitution, under 28 U.S.C. § 1331. We affirm the district court's dismissal for lack of subject matter jurisdiction over appellant's fourth claim, in which appellant seeks review of the denial of his petition for remission or mitigation of forfeiture on constitutional grounds, because we have concluded appellant may have an adequate remedy at law for this claim in the Claims Court.

Appellees imply that the district court did not have jurisdiction to hear appellant's challenges to the validity of the forfeiture because appellant failed to avail itself of the opportunity to post a claim and bond to obtain judicial forfeiture, as permitted by 19 U.S.C. § 1608.[6] We reject this claim.

(1971), and *Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 690, 94 S.Ct. 2080, 2095, 40 L.Ed.2d 452 (1973), created an exception to this rule, authorizing a constitutional challenge to a denial of a petition for remission of forfeiture. In *United States v. One 1972 Chevrolet Blazer,* 563 F.2d 1386 (9th Cir.1977), we remanded to the district court to allow the person asserting an interest in the forfeited property to demonstrate "that he had done everything he reasonably could to avoid having the vehicle put to an unlawful use." *Id.* at 1391. We suggested that the district court had jurisdiction to hear this claim, observing:

While there is some uncertainty with respect to the extent of the district court's jurisdiction to review an administrative denial of remission, this court held in *Simons v. United States,* 497 F.2d 1046, 1049 (9th Cir.1974): "While the Secretary has been given sole power or to mitigate the effects of proper forfeiture, he has not been given sole power to determine the propriety of the forfeitures themselves." As noted *supra,* ..., the Court in *Coin and Currency* suggested that the courts would have authority to intervene "when the innocent petitioner's protests have gone unheeded."

*Id.* at 1389 n. 10. Similarly, in *United States v. One 1972 Mercedes–Benz 250,* 545 F.2d 1233, 1236 (9th Cir.1976), we indicated that had appellant properly asserted facts to support his petition to mitigate, the district court would have had jurisdiction to hear his claim attacking the denial of the petition on the ground that appellant was "uninvolved in and unaware of the unlawful activity and not guilty of any negligence which permitted it" (citing *Calero–Toledo* and *United States Coin & Currency*).

The Ninth Circuit also repeatedly has recognized the possibility that an owner might be able to "defend" a forfeiture proceeding brought by the U.S. Attorney in district court by alleging that he or she was an innocent and had acted diligently to prevent the illicit use of the seized property. *See, e.g., United States v. Fifty–Three (53) Eclectus Parrots,* 685 F.2d 1131, 1136–37

(9th Cir.1982); *United States v. One 1976 Porsche 911S,* 670 F.2d 810, 812 (9th Cir.1979); *U.S. v. One 1973 Buick Riviera Auto.,* 560 F.2d 897, 900 (8th Cir.1977).

**5.** 28 U.S.C. § 1500, which bars the Claims Court from assuming jurisdiction "of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States," would seem to bar the Claims Court from hearing appellant's fourth claim while its action on the first three is pending in district court. The Claims Court already has held that it has no jurisdiction to hear the four claims while the present action is pending. *Marshall Leasing, Inc. v. United States,* 13 Cl.Ct. 368 (1987). The action in the district court will not preclude the subsequent action, however, because the issues addressed are different: the first three claims address the question whether the forfeiture comported with the requirements of the forfeiture statutes and procedural due process, and the fourth attacks the application of a presumptively valid forfeiture to an innocent party.

Should appellant lose on the merits of its first three claims attacking the validity of the forfeiture, and should the Claims Court refuse jurisdiction over the fourth claim attacking the application of the forfeiture to appellant, appellant may find a forum for the fourth claim by returning to the district court. *See supra* note 4 (citing Ninth Circuit cases supporting a finding of district court jurisdiction to hear an appeal from a denial of a petition for remission or mitigation of forfeiture on the ground that application of the forfeiture to an innocent who had taken all reasonable steps to prevent illicit use of his or her property was unconstitutional).

**6.** The statutory scheme provides for two methods of forfeiture: judicial and administrative. The government is required to initiate judicial proceedings in order to forfeit seized property over a particular dollar amount. 19 U.S.C. §§ 1604, 1610. Any person claiming an interest

Appellant's failure to resort to the statutory scheme for obtaining a judicial forfeiture cannot be taken to deprive this court of jurisdiction to hear appellant's claims that appellant did not receive constitutionally adequate notice of the availability of judicial forfeiture and that the statutory scheme and the Constitution required the government itself to initiate judicial forfeiture. *See, e.g., Wiren v. Eide,* 542 F.2d at 761 ("While the remission or mitigation of lawful seizures and forfeitures is a matter committed to agency discretion, *see* 19 U.S.C. §§ 1613, 1618, the determination of the propriety of seizures and forfeitures themselves is not." (citing *Simons,* 497 F.2d at 1049)); *id.* at 763 (although "Wiren's failure timely to post the bond after receiving valid notice of the proceedings would, under the statutory scheme, stand as a waiver of his opportunity for a hearing," the court assumed jurisdiction to examine the adequacy of notice and the constitutionality of the bond requirement).

## V. *Conclusion*

We reverse the district court's denial of jurisdiction as to appellant's first three claims and remand for an adjudication on the merits. We affirm the district court's dismissal of the fourth claim for lack of jurisdiction on the ground that there may be an adequate remedy at law in the Claims Court. The district court should allow appellant to amend his complaint to eliminate his requests for monetary damages.

REVERSED AND REMANDED IN PART; AFFIRMED IN PART.

---

in property valued at less than that dollar amount has the option of obtaining judicial forfeiture by filing a claim of interest and posting a bond. 19 U.S.C. § 1608. The item is administratively forfeited if no such claim is filed or bond given. 19 U.S.C. § 1609. On October 12, 1984, Congress changed the dollar value of forfeited property over which judicial forfeiture is required from $10,000 to $100,000. The change was effective October 15, 1984.