907 F.2d 156
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Everett C. YOUNG, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 
 1
 No. 88-15509.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted June 5, 1990.*
Decided June 25, 1990.
 
 3
 Before NELSON and TROTT, Circuit Judges, and ALBERT L. STEPHENS, Jr., Senior District Judge.**
 
 
 4
 MEMORANDUM***
 
 OVERVIEW
 
 5
 Appellant/Plaintiff Everett C. Young filed a complaint and volumes of motions, memoranda and other material in the district court alleging, inter alia, that NASA had used his inventions in the Apollo and Gemini spacecraft without paying him or providing him with any awards, that the Court of Claims decision holding that NASA had not used his invention was in error, and that NASA had refused to grant him an opportunity in a hearing to persuade NASA that his Orbital Sentinel System would contribute to the space program, and that he should be awarded money from NASA for this invention. The district court found that the doctrine of res judicata and the statute of limitations barred any rehearing of the issues decided in the 1973 Court of Claims decision including NASA's use of any of Young's inventions in the Apollo or Gemini spacecraft. The district court remanded Young's Orbital Sentinel System Claim to NASA and ordered it to provide a hearing. The district court denied any monetary relief. Young timely appealed the district court's judgment. In addition, Young appeals the district court's granting of a protective order staying discovery while the summary judgment motion was pending. We affirm both the district court's discovery order and its judgment.
 
 STANDARD OF REVIEW
 
 6
 A grant of summary judgment is reviewed de novo. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). "We review for an abuse of discretion a district court's refusal to permit further discovery before ruling on a summary judgment motion." Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 523 (9th Cir.1989).
 
 DISCUSSION
 A. Heat Shield Claims
 
 7
 Appellant argues that NASA utilized plaintiff's inventions in the pre-1972 space program and that the court should award him $10,000 in damages, the Distinguished Service Medal, and royalty payments for this use. The district court found that such a claim was precluded by the Court of Claims decision in 1973 holding that NASA did not use Young's heat shield in its space program. Young v. United States, 204 Ct.Cl. 867, cert. denied, 419 U.S. 1002 (1974). We affirm.
 
 
 8
 Under res judicata doctrine the parties are bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 579 (1974) (quoting Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)).
 
 
 9
 Appellant argues that res judicata should not apply in this case because of his discovery of after-judgment fraud. He relies on Hazel-Atlas Co. v. Hartford, 322 U.S. 238 (1944), which held that a court may grant relief against final judgments if the decision was obtained by fraud.[1] Appellant's claim of fraud is based on his notion that the Court of Claims' decision was written by the government. He bases that conclusion on his assertion that the judge did not include testimony supportive of Young's claims in the opinion. "Fraud on the court must involve 'an unconscionable plan or scheme which is designed to improperly influence the court in its decision.' " Abatti v. CIR, 859 F.2d 115, 118 (9th Cir.1988) (quoting Toscano, 441 F.2d at 934). Even if Young is correct and the Court of Claims did not include all the testimony supportive of Young in the opinion, this is hardly an "unconscionable plan or scheme." Unlike the plaintiff in Hazel-Atlas, Young has supplied absolutely no evidence demonstrating any fraud relating to the 1973 Court of Claims decision. Thus, the general principles of res judicata apply and we affirm the district court's finding that any claims relating to NASA's use of Young's inventions before 1972 are barred.
 
 
 10
 Moreover, even if Young's claims were not barred by res judicata they are barred by the six-year statute of limitations period. "The general statute of limitations applicable to civil actions against the United States, 28 U.S.C. Sec. 2401(a), provides that 'every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.' " Sisseton-Wahpeton Sioux Tribe v. United States, 895 F.2d 588, 592 (9th Cir.1990) (quoting 28 U.S.C. Sec. 2401(a)). Plaintiff claims that NASA used his designs in its Gemini and Apollo flights. The last such flight was on December 7, 1972. Plaintiff filed his complaint on November 29, 1985. Thus, his claims are time-barred.
 
 B. Orbital Sentinel System Claims
 
 11
 Appellant's second claim springs from his 1982 application for an award from the NASA Inventions and Contributions Board on the ground that the agency should adopt his Orbital Sentinel System in place of the current space shuttle. The Board did not grant him a hearing and rejected his claim. In the instant action, Young challenges the Board's decision. The district court found that Young did have a right to a hearing before the Board. This decision has not been appealed. The district court also found it could not grant Young a monetary award. We agree that the district court does not have jurisdiction to award a monetary award on this claim.
 
 
 12
 The United States is immune from suit unless it has consented to be sued. Marshall Leasing Inc. v. United States, 893 F.2d 1096, 1098 (9th Cir.1990). Appellant appears to argue that 28 U.S.C. Sec. 1346 provides the waiver. This is incorrect. Section 1346 is a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. See Temengil v. Trust Territory of Pacific Island, 881 F.2d 647, 655 (9th Cir.1989) (An act which merely confers jurisdiction does not constitute a waiver of sovereign immunity). Young has alleged no statute that requires NASA to pay for an invention that admittedly has never been adopted, sponsored or supported by NASA.
 
 C. Discovery Stay
 
 13
 Appellant also argues that the district court erred in issuing a protective order staying all discovery pending the government's motion to dismiss. We find that the lower court did not abuse its discretion in staying discovery.
 
 
 14
 A district court may limit discovery "for good cause." Fed.R.Civ.Pr. 26(c)(4). It is within the court's discretion to "stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981). The district court in the instant case granted the protective order because the government had filed a motion for summary judgment which was dispositive of the action.
 
 
 15
 Since plaintiff's discovery requests did not relate to the legal issues raised in the government's motion to dismiss, he could not have been prejudiced by the court's refusal to permit further discovery before ruling on the summary judgment motion. In this situation, we find that it was not an abuse of discretion to stay discovery pending dismissal of the action.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Hon. Albert L. Stephens, Jr., Senior United States District Judge, Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In Hazel-Atlas one of the parties committed a fraud on the Patent Office in obtaining a patent and on the court of appeals itself in an infringement suit in 1932. The fraud did not become known to the other party until 1941 when he supplied "[i]ndisputable proof" in the form of affidavits and exhibits. Id. at 243