974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeff S. GOUGH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
Jeff S. GOUGH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 91-55483, 91-55484.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 19, 1992.*
Decided Sept. 3, 1992.
 
 1
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Gough, an inmate serving a 135-month sentence for conspiring to manufacture methamphetamine, appeals pro se from the district court's summary denial of his Motion for Return of Property following a decree of forfeiture to the United States of Gough's 1981 Jeep and $2,680 in currency. Gough argues, inter alia, that the government violated his due process rights by failing to provide him with proper notice of the forfeiture proceedings. We vacate and remand for further proceedings.
 
 
 4
 Although neither party to this appeal has raised any question of the district court's jurisdiction in this matter, we have a special obligation to satisfy ourselves that the lower court had the power to entertain Gough's motion for the return of his property, notwithstanding the parties' apparent willingness to concede the point.[1] See United States v. Jones, 852 F.2d 1235, 1237 (9th Cir.1988). We conclude that, because Gough's due process claim for the return of his Jeep and money is equitable in nature and not an action for damages, the district court had subject matter jurisdiction. See Marshall Leasing, Inc. v. United States, 893 F.2d 1096, 1099-1100 (9th Cir.1990) (as amended).
 
 
 5
 Turning now to the merits of Gough's claim, we conclude that the government failed to provide him with constitutionally sufficient notice. While the government published an announcement of the impending forfeiture and sent written notice to Gough's former residence, see 19 U.S.C. § 1607, Gough was in prison at the time and the government knew it. See Robinson v. Hanrahan, 409 U.S. 38, 40 (1972) (per curiam) (notice of forfeiture sent to prisoner's residence while he was incarcerated was not reasonably calculated to apprise him of the impending forfeiture proceeding). Although Gough received actual notice of the proceeding, see United States v. One 1971 BMW 4-Door Sedan, 652 F.2d 817, 822 (9th Cir.1981) (prisoner's timely receipt of summons and complaint constituted actual notice of forfeiture proceeding and did not give rise to due process claim under Robinson ), we deem the notice to have been insufficient because he received it only one day before the deadline for filing a judicial challenge thereto. The fact that Gough still had time to mount an administrative challenge but elected not to do so does not overcome this hurdle. See Wiren v. Eide, 542 F.2d 757, 764 (9th Cir.1976) (administrative forfeiture proceeding does not provide adequate substitute for judicial hearing); Marshall, 893 F.2d at 1103 ("[a]ppellant's failure to resort to the statutory scheme for obtaining a judicial forfeiture cannot be taken to deprive this court of jurisdiction to hear appellant's claims that appellant did not receive constitutionally adequate notice").
 
 
 6
 Accordingly, the decision of the district court is VACATED and this matter is REMANDED with instructions that Gough be allowed to proceed with his judicial challenge to the forfeiture of his property.[2] Each side will bear its own costs on appeal.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and record per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note in passing that the district court did not enter a separate judgment from its final order as required by Fed.R.Civ.P. 58. While such is ordinarily required to start the appeals clock running under Fed.R.App.P. 4(a), a separate judgment is not necessary to create appellate jurisdiction, and the parties may waive the requirement. Allah v. Superior Court, 871 F.2d 887, 890 n. 1 (9th Cir.1989). We deem the government's failure to raise the issue in its brief as a waiver of any objection to the matter
 
 
 [2]
 In light of our holding, we do not reach the merits of Gough's contention that the district court erred by not setting out any findings of fact and conclusions of law under Fed.R.Civ.P. 52(a)