5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Jose NUNEZ, Defendant-Appellant.
 No. 92-10472.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1993.
Decided Aug. 27, 1993.
 
 1
 Appeal from the United States District Court for the District of Arizona; No. Misc-92-01143-RCB, Robert C. Broomfield, District Judge, Presiding.
 
 
 2
 D.Ariz.
 
 
 3
 AFFIRMED.
 
 
 4
 Before BROWNING and CANBY, Circuit Judges, and KELLEHER,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 The parties are familiar with the facts and issues presented in this case and we will not repeat them here.
 
 
 7
 The district court has general equitable jurisdiction to hear a motion for return of property even where no criminal proceeding is pending; the motion will be treated as a civil equitable proceeding even if styled as a motion under Fed.R.Crim.P. 41(e). United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir.1987). However, where the person seeking return of seized property has an adequate remedy at law, no justification exists for exercising the court's equitable jurisdiction, and the motion will not be entertained. United States v. Elias, 921 F.2d 870, 872-73 (9th Cir.1990); United States v. United States Currency, $83,310.78, 851 F.2d 1231, 1235 (9th Cir.1988).
 
 
 8
 Nunez could bring his due process challenges to the administrative proceedings as an action under the Tucker Act, 28 U.S.C. Sec. 1346(a)(2), which is "an appropriate vehicle for challenging procedurally-deficient forfeitures." Onwubiko v. United States, 969 F.2d 1392, 1399 (2d Cir.1992); see also United States v. Ten Thousand Dollars in U.S. Currency, 860 F.2d 1511, 1514 (9th Cir.1988); Simons v. United States, 497 F.2d 1046, 1049 (9th Cir.1974). While the Court of Claims may not entertain a claim of inadequate notice under the Fifth Amendment Due Process Clause, see Marshall Leasing, Inc. v. United States, 893 F.2d 1096, 1101 (9th Cir.1990), the district court will hear such claims as long as they fall below $10,000, which is clearly the case here. Ten Thousand Dollars, 860 F.2d at 1514.
 
 
 9
 The Tucker Act action was an adequate remedy at law which deprived the district court of jurisdiction over Nunez's Rule 41(e) motion.
 
 
 10
 Affirmed.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior Judge, United States District Court for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3