60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jose LONDONO, Plaintiff-Appellant,
v.
U.S. CUSTOMS SERVICE; Drug Enforcement Administration, et
al., Defendants-Appellees.
 No. 94-56284.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
As Amended Aug. 10, 1995.
 
 Before: FLETCHER, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Londono appeals pro se the district court's dismissal of his action against the Drug Enforcement Administration ("DEA"), the United States Customs Service ("Customs"), Attorney General Janet Reno, District Director of Customs Rudy M. Camacho, and Director of the DEA John C. Lawn. Londono brought this action under the Administrative Procedure Act, 5 U.S.C. Sec. 702, the Federal Tort Claims Act, 28 U.S.C. Secs. 2671-2680, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) seeking the return of $8,799 confiscated by Customs agents on August 28, 1987. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.[1]
 
 
 3
 * Administrative Procedure Act
 
 
 4
 Londono contends that the district court erred by dismissing his forfeiture claims under the Administrative Procedure Act ("APA"). This contention lacks merit.
 
 
 5
 "Section 702 of the APA, 5 U.S.C. Sec. 702, waives sovereign immunity over claims for equitable relief based on agency action," including the return of forfeited property. Marshall Leasing, Inc. v. United States, 893 F.2d 1096, 1099 (9th Cir.1990). In a forfeiture action, however, equitable relief is available only if the claimant has no adequate remedy at law. United States v. Elias, 921 F.2d 870, 871 (9th Cir.1990). Specifically, "if notice was adequate the forfeiture proceeding provided an adequate legal remedy and [the claimant] will not be entitled to equitable relief." United States v. Clagett, 3 F.3d 1355, 1356 n. 1 (9th Cir.1993). This court has held that the procedures mandated by 19 U.S.C. Sec. 1607 provide adequate notice of forfeiture proceedings. Elias, 921 F.2d at 873. "Section 1607(a) provides that written notice of a seizure of specified property and of the intention to forfeit it shall be published for at least three successive weeks. In addition, written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article." Id. (internal brackets and quotations omitted).
 
 
 6
 Here, on September 22, 1987, the DEA sent a notice of seizure to Londono at an address in Glendale, California which Londono had given to Customs agents at the time of the seizure. This notice was returned to the DEA marked "addressee unknown." The DEA also published a notice of seizure in USA Today for three successive weeks beginning on October 7, 1987. Finally, upon receiving a request for return of the currency five years after the seizure, on February 17, 1993, the DEA sent Londono an additional notice of seizure. Londono filed an administrative claim pursuant to the February 1993 notice of seizure, which was denied on September 3, 1993, on the basis that Londono had "failed to provide sufficient documentation showing a legitimate origin for the seized currency."
 
 
 7
 Because Londono received adequate notice and an opportunity to contest the forfeiture, he had an adequate remedy at law, and the district court did not err by refusing to fashion an equitable remedy. See id. at 871.[2]
 
 II
 Federal Tort Claims Act
 
 8
 Londono contends that the district court erred by dismissing his claim under the Federal Tort Claims Act ("FTCA"). This contention lacks merit.
 
 
 9
 The FTCA, 28 U.S.C. Secs. 2671-2680, is a limited waiver of sovereign immunity, and authorizes suits against the United States for money damages for personal injury resulting from the negligent or wrongful acts or omissions of United States employees acting within the scope of employment. See 28 U.S.C. Sec. 2674. An individual seeking to bring an action under the FTCA, however, "must present a written claim to the federal agency concerned within two years of the date the cause of action accrues." Zavala v. United States, 876 F.2d 780, 782 (9th Cir.1989); 28 U.S.C. Sec. 2401(b).
 
 
 10
 Under the FTCA, "a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." Landreth v. United States, 850 F.2d 532, 533 (9th Cir.1988), cert. denied, 488 U.S. 1042 (1989). When an injury is obvious, the statute of limitations begins to run immediately upon discovery of the cause. Augustine v. United States, 704 F.2d 1074, 1078 (9th Cir.1983).
 
 
 11
 Here, there is no dispute that the money was confiscated on August 28, 1987, when Londono attempted to enter the United States from Mexico. Over five years passed before Londono sent a letter to Customs requesting the return of his money.
 
 
 12
 Because Londono's claim accrued on August 28, 1987, and because he did not "present a written claim to the federal agency concerned within two years," his claim is barred by the statute of limitations.[3] See Zavala, 876 F.2d at 782; 28 U.S.C. Sec. 2401(b).
 
 III
 Bivens Claim
 
 13
 Londono contends that the district court erred by dismissing his Bivens action. This contention lacks merit.
 
 
 14
 At the time Londono's action accrued, August 28, 1987, the statute of limitations for Bivens actions was four years. See Marshall v. Kleppe, 637 F.2d 1217, 1224 (9th Cir.1980), overruled by Van Strum v. Lawn, 940 F.2d 406 (9th Cir.1991). Accordingly, this complaint, filed on May 6, 1993, is barred by the statute of limitations. See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court may affirm the district court on any ground supported by the record. Kruso, 872 F.2d at 1421
 
 
 [2]
 We agree with the district court that there is no mandamus remedy for Londono's claim. See Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir.1986)
 
 
 [3]
 The United States is the only proper defendant in an FTCA action. 28 U.S.C. Secs. 1346(b), 2401(b), 2679(a); Allen v. Veterans Admin., 749 F.2d 1386, 1387 (9th Cir.1984). Because Londono filed pro se, the district court construed his claim as one against the United States. See McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992)