65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benson A. UNANKA, Plaintiff-Appellant,
v.
DRUG ENFORCEMENT ADMINISTRATION; DEA/LAX Transportation
Group; Los Angeles International Airport,
Station, Los Angeles, California,
Defendants-Appellees.
 No. 94-56608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benson A. Unanka appeals pro se the dismissal of his complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Unanka brought this action seeking the return of $32,550 and certain personal property. On appeal, Unanka contends that: (1) he did not receive a Notice of Seizure form; (2) the government failed to publish its intention to forfeit the currency as required by 19 U.S.C. Sec. 1607(a); (3) the district court failed to address his claim regarding his personal property; and (4) the district court erred in dismissing his Fourth Amendment, Eighth Amendment and Double Jeopardy claims. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Marshall Leasing, Inc. v. United States, 893 F.2d 1096, 1098 (9th Cir.1993), and we affirm in part, vacate in part, and remand.
 
 
 3
 * Background
 
 
 4
 On August 22, 1989, Unanka was stopped at Los Angeles International Airport by Drug Enforcement Administration ("DEA") agents. The agents found $32,550 in United States currency and 1513.6 grams of heroin in one of Unanka's bags. The agents seized the currency, Unanka's bags and their contents.
 
 
 5
 On September 7, 1989, the DEA sent a Notice of Seizure by certified mail to the Metropolitan Detention Center where Unanka was detained. The notice indicated the DEA's intent to forfeit the seized currency, but did not refer to Unanka's personal property. The DEA received a return receipt indicating the notice was received. Unanka did not file a claim within the required time. On March 5, 1990, the currency was administratively forfeited. On April 14, 1994, Unanka filed a complaint in district court seeking the return of the forfeited currency and his confiscated personal property. On October 12, 1994, the district court dismissed the action for lack of subject matter jurisdiction.[1] Unanka timely appealed.
 
 II
 Discussion
 A. Procedures
 
 6
 Unanka's primary contention in his complaint is that he is entitled to a judicial hearing absent his express waiver and that the administrative forfeiture procedures violate due process.[2] This contention lacks merit.
 
 
 7
 If the government seizes property valued at less than $100,000, it must publish a notice of intent "to forfeit and sell or otherwise dispose" of the property. 19 U.S.C. Sec. 1607.[3] In addition, the government must send written notice to every party which appears to have an interest in the seized property. Id. Any person claiming an interest in the property may secure a hearing by filing a claim and posting a bond. 19 U.S.C. Sec. 1608; Marshall, 893 F.2d at 1102 n. 6. If, however, a person receives notice but does not file a claim, the property is administratively forfeited. Marshall, 893 F.2d at 1102 n. 6.
 
 
 8
 The procedures mandated by 19 U.S.C. Sec. 1607 provide adequate notice of forfeiture proceedings. United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990). Because Unanka could have secured a hearing by filing claim and posting a bond, Unanka's claim that the procedures violated his due process rights is meritless.[4] See id.
 
 B. Publication
 
 9
 Unanka contends his due process rights were violated because the government failed to publish its intention to forfeit the currency as required by 19 U.S.C. Sec. 1607(a). This contention lacks merit.
 
 
 10
 Because Unanka received actual notice, any failure of the government to publish its intent to forfeit does not render the forfeiture proceedings ineffective as to Unanka.[5] Cf. Arlington Oil Mills, Inc. v. Knebel, 543 F.2d 1092, 1099-1100 (5th Cir.1976) (holding that failure to publish does not render agency action invalid as to those parties with actual notice).
 
 
 11
 Accordingly, the district court appropriately declined to fashion an equitable remedy with respect to Unanka's claim to an interest in the forfeited currency. See United States v. Clagett, 3 F.3d 1355, 1356 n. 1 (9th Cir.1993) (district court may decline to fashion an equitable remedy when forfeiture claimant has an adequate remedy at law).
 
 C. Personal Property
 
 12
 Unanka contends that the government violated his due process rights by seizing his personal property without affording him notice and an opportunity to be heard. The district court apparently did not address this contention. Accordingly, we vacate and remand this claim for further proceedings.
 
 
 13
 D. Fourth Amendment, Eighth Amendment and Double Jeopardy
 
 
 14
 Finally, Unanka contends that his personal property and currency was seized in violation of the Fourth Amendment and that forfeiture of his property would subject him multiple punishment in violation of the Double Jeopardy clause of the Fifth Amendment. Further, Unanka contends that the forfeiture violates the Excessive Fines Clause of the Eighth Amendment. The district court dismissed these claims for lack of subject matter jurisdiction apparently concluding that once Unanka's due process claim failed his other claims were barred by sovereign immunity. Cf. Marshall, 893 F.2d at 1098-99. Because we vacated in part the dismissal of Unanka's due process claim, we also vacate the dismissal of his Fourth Amendment, Eighth Amendment and Double Jeopardy claims with respect to Unanka's challenge to recover his personal property. We affirm the dismissal of these claims with respect to Unanka's challenge to recover the forfeited currency. Cf. id.; see also, Sarat V. Drug Enforcement Admin., 987 F.2d 10, (1st Cir.1993) ("forfeiture statute 'clearly makes available to a claimant invoking the remedy an appropriate forum in which to test the legality of the contested seizure.' " (citation omitted)).
 
 
 15
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record does not indicate the entry of a separate judgment as required by Fed.R.Civ.P. 58 and 79(a). The existence of a properly entered separate judgment, however, is not always a prerequisite to appellate jurisdiction. Bankers Trust Co. v. Mallis, 435 U.S. 381, 387-88 (1978). Because the parties have not objected to the absence of a separate judgment, they are deemed to have waived the requirement. See Allah v. Superior Court, 871 F.2d 887, 890 n. 1 (9th Cir.1989)
 
 
 [2]
 While Unanka now claims that he did not receive the Notice of Seizure form, he failed to make this allegation in his complaint. Instead, Unanka stated that he unintentionally failed to file a timely claim. Unanka's statement in his complaint, however, is binding and constitutes an admission of receipt of the Notice of Seizure form. See American Title Insurance Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir.1988) (statements made in the complaint are considered judicial admissions and are binding on the party who made them)
 
 
 [3]
 19 U.S.C. Sec. 1607 provides in pertinent part that:
 "the appropriate customs officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article."
 In 1990 Congress amended the property value threshold from $100,000 to $500,000.
 
 
 [4]
 We need not reach Unanka's contention that the bond requirement was an insurmountable barrier to the filing of a claim because Unanka failed to file a timely claim
 
 
 [5]
 The government alleges that it published a notice of intent to forfeit and requests an opportunity to supplement the record on appeal if we conclude that proof of publication is necessary. The government's request is unnecessary