134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
A. Greer EDWARDS, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America; United States Department of the
Interior; United States Bureau of Land Management; United
States Department of the Interior, Office of Hearings &
Appeals; Independence Mining Co.; Minorco S.A.; Anglo
American Corporation, a/k/a Anglo-American Corporation;
Debeers Centenary AG; Debeers Consolidated Mines Ltd.,
Defendants-Appellees.
 No. 96-17308.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A. Greer Edwards, Jr., appeals pro se the district court's summary judgment dismissal of his action challenging two Bureau of Land Management (BLM) decisions affecting public lands on which he held grazing permits. Edwards contends that the district court, adopting the magistrate judge's recommendation, erred by: (1) determining that the BLM properly approved a land exchange between BLM and Independence Mining Company (IMC); (2) concluding therefore that his appeal of another decision was moot because the affected lands were no longer public; and (3) dismissing his takings claims.[1]
 
 
 3
 We review de novo the district court's grant of summary judgment; we determine, viewing the record in the light most favorable to the non-moving party, whether there are any genuine issues of material fact. Nevada Land Action Ass'n v. United States Forest Service, 8 F.3d 713, 716 (9th Cir.1993). When examining an administrative agency decision, de novo review means that we will view the case from the same position as the district court. Id. An administrative agency decision will be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); R.T. Vanderbilt Co. v. Babbitt, 113 F.3d 1061, 1065 (9th Cir.1997). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 BACKGROUND
 Edwards challenges two BLM decisions:
 
 4
 (1) 1993 BLM Tailings Authorization. After conducting an environmental assessment and finding no significant impact on the environment, BLM authorized IMC to build a tailings facility on lands managed by BLM.[2]
 
 
 5
 (2) 1996 BLM Land Exchange with IMC. After an environmental assessment, BLM approved an exchange of public land for IMC private land. The exchanged public land included all of the land on which IMC had proposed to construct the new tailings facility.
 
 
 6
 Edwards owns none of the land subject to the BLM's decisions. He owns adjacent land and he held revocable grazing permits on the formerly public land. He alleges violations of the Federal Land Policy and Management Act, 43 U.S.C. § 1701, et seq. (FLPMA), the National Environmental Policy Act, 42 U.S.C. § 4332 (NEPA), and the Administrative Procedures Act, 5 U.S.C. § 702(APA); he also asserts Fifth Amendment takings claims.
 
 ANALYSIS
 I. Propriety of 1996 Land Exchange
 
 7
 BLM fully complied with the FLPMA, 43 U.S.C. § 1716, which authorized the Secretary of the Interior to exchange public land for land of equal value. In fact, BLM's acquired land had a greater value, measured in cash and natural resources, than the land it gave away. This excess value was donated by IMC to BLM according to 43 U.S.C. § 1715. Edwards provided no evidence to contradict BLM's finding that the exchange was in the public interest or to challenge BLM's environmental assessment. His claim, therefore, was properly dismissed. See Motor Vehicle Mfr. Ass'n of United States v. State Farm Mutual Ins. Co., 463 U.S. 29, 42-43 (1983) (describing presumption of regularity afforded agency decisions).
 
 II. Mootness
 
 8
 Because the district court properly upheld the 1996 Land Exchange, it correctly found moot Edwards's appeal of the 1993 Tailings Authorization. BLM no longer owns or manages the land in question so Edwards no longer can challenge BLM's decision regarding it. See People of Village of Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir.1993) (holding claim moot when issues are no longer live or parties lack legally cognizable interest in outcome).
 
 
 9
 Regardless, BLM did not violate NEPA's reporting requirements. 42 U.S.C. § 4332(C) (requiring detailed environmental impact statement for actions "significantly affecting.the quality of the human environment"). Edwards provided no evidence to contradict BLM's finding of no significant impact on the environment. See 40 C.F.R. 1501.4(e) (providing that agency should prepare finding of no significant impact if after environmental assessment it decides there is no need for environmental impact statement); Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 356 (1989) (finding regulations governing agency's decision whether to prepare environmental impact statement are entitled "substantial deference").
 
 III. Takings Claims
 
 10
 The court properly dismissed Edwards's takings claims for lack of jurisdiction. To obtain diversity jurisdiction, Edwards claimed damages in excess of $50,000. Because he cannot recover damages for the BLM decisions reviewed under the APA, 5 U.S.C. § 702 (permitting federal court action against Government when "seeking relief other than money damages"), these damages are wholly attributable to his takings claims. The Court of Federal Claims has exclusive jurisdiction over claims against the United States for money damages exceeding $10,000. 28 U.S.C. §§ 1346(a), 1491; see Marshall Leasing, Inc. v. United States, 893 F.2d 1096, 1101-02 (9th Cir.1990) (holding that district court properly denied jurisdiction for takings claim that should be heard by Court of Federal Claims).
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Edwards refers to the non-federal defendants as the "Alien DeBeers." Except for IMC, these defendants were not properly served. They were not subject to the district court's decision and are not subject to this appeal
 
 
 [2]
 Tailings are rocks that flow from processing conducted at a mine. IMC operates a gold mine in the same county as Edwards's property