Leah R. Bussell, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth Alan CLAGETT,**
**Defendant–Appellant.**

**No. 92–50507.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 1993. [*]

Decided Sept. 3, 1993.

Before: BROWNING, BRIGHT,[**] and TANG, Circuit Judges.

TANG, Circuit Judge:

Kenneth Alan Clagett appeals pro se the decision of the district court denying his Fed.R.Crim.P. 41(e) motion for return of $14,700 seized from the house where Clagett was arrested in 1989. The district court denied the motion on the ground that the money was administratively forfeited to the United States prior to Clagett's motion. We reverse and remand for further proceedings.

I.

In 1989, a search warrant was executed at 6433 Bradford Street in San Diego. Clagett and three other persons were in the residence from which the government seized $14,700. The government apparently believed that one Steven Udell owned the money seized.

Three months later, a notice of seizure and intent to forfeit the cash was delivered to the Bradford Street address. It was addressed to Udell. The return receipt was signed by another person who was present at the original seizure. The government also mailed personal notice to Udell at two other loca-

---

[*] The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

[**] Honorable Myron H. Bright, Senior Circuit Judge, for the Eighth Circuit, sitting by designation.

tions. The government further published a seizure and forfeiture notice in *USA Today* for three weeks running. On July 20, 1989, after no response was received to the notices, the funds were administratively forfeited.

Meanwhile, Clagett entered a conditional guilty plea to conspiracy to manufacture methamphetamine. On February 14, 1992, we rejected Clagett's claim of outrageous government conduct. *See United States v. Nichols,* 956 F.2d 276 (9th Cir.1992) (table). Three months later, Clagett filed a motion seeking the return of property seized from the Bradford Street residence.

In his motion, Clagett claimed "an interest in the personal property confiscated from him," but offered no other evidence in support of his claim. In response, the government indicated it would not oppose the return of personal effects for which Clagett could show ownership. However, the government argued that because the money had been administratively forfeited, Clagett's motion to recover the $14,700 amounted to an improper collateral attack on the forfeiture proceedings. Following a hearing at which only the government appeared, the district court agreed with the government's positions. An order was entered denying Clagett's motion to recover the money and granting the motion to the extent Clagett could prove ownership of personal effects. Clagett timely appeals the decision concerning the money.

## II.

In denying Clagett's Rule 41(e) motion, the district court relied on *United States v. U.S. Currency, $83,310.78,* 851 F.2d 1231 (9th Cir.

1988). At the time the Rule 41(e) motion was filed in *$83,310.78,* the claimant still had the opportunity to be heard in a parallel forfeiture proceeding. *See id.* at 1234 (stating that claimant could assert her right to a return of her property in the forfeiture proceeding). The claimant therefore had an adequate remedy at law precluding exercise of the district court's equitable powers. *Id.* at 1235; *see also United States v. Elias,* 921 F.2d 870, 874–75 (9th Cir.1990) (availability of judicial forfeiture procedure permitted dismissal of Rule 41(e) motion).

In the present case, however, the administrative forfeiture was completed long before Clagett filed his motion seeking return of the seized funds. If notice of the pending forfeiture was inadequate, as Clagett alleges, then the forfeiture proceeding was never available to him in any meaningful sense. The decision in *$83,310.78* is not controlling here.[1]

In *Marshall Leasing, Inc. v. United States,* 893 F.2d 1096 (9th Cir.1990), we held that the district court erred in dismissing a challenge under the Administrative Procedure Act to a completed administrative forfeiture. Specifically, we concluded that the plaintiff should be able to present to the district court a claim alleging constitutionally deficient notice and seeking recovery of forfeited property. *Id.* at 1099–1101. On this authority, we reject the government's challenge to the district court's jurisdiction and conclude that Clagett is entitled to a ruling on his claim of inadequate notice of the prior forfeiture proceeding.[2]

Our decision to follow *Marshall* and return Clagett to district court does not conflict with the holding in *Elias.* It is true that in *Elias*

---

1. If the forfeiture proceeding was never meaningfully available to Clagett, it cannot be considered an adequate remedy at law. On the other hand, if notice was adequate the forfeiture proceeding provided an adequate legal remedy and Clagett will not be entitled to equitable relief. *See United States v. Elias,* 921 F.2d 870, 874 (9th Cir.1990) ("Failure to comply with a remedy at law does not make it inadequate so as to require the district court to exercise its equitable jurisdiction.").

2. The fact that Clagett styled his action a Rule 41(e) motion rather than a claim under the Administrative Procedure Act is irrelevant. *See Ja-*

*pan Whaling Ass'n v. American Cetacean Soc'y,* 478 U.S. 221, 228, 231 n. 4, 106 S.Ct. 2860, 2865, 2866 n. 4 (1986) (construing petition for writ of mandamus as action under APA); *Soler v. Scott,* 942 F.2d 597, 603 & n. 3 (9th Cir.1991) (liberally construing pro se claims as arising under APA), *vacated as moot sub nom. Sivley v. Soler,* —— U.S. ——, 113 S.Ct. 454, 121 L.Ed.2d 364 (1992). Similarly, the fact that Clagett seeks to recover seized money while the property owner in *Marshall* sought to recover a car makes no difference. *See Marshall,* 893 F.2d at 1099–1100 (citing *Floyd v. United States,* 860 F.2d 999, 1005 (10th Cir.1988)).

we suggested a claimant should bring a due process challenge to forfeiture proceedings in the United States Court of Federal Claims. 921 F.2d at 875. However, this statement was dicta.[3] Further, the statement failed to take into account the earlier *Marshall* decision, which recognized that the Claims Court would not entertain a due process challenge to forfeiture proceedings, and that accordingly the availability of an action in the Claims Court could not constitute an adequate remedy at law barring the exercise of the district court's equitable powers. 893 F.2d at 1100–01. Accordingly, we follow the *Marshall* holding permitting the district court action; we reject the *Elias* dicta directing due process forfeiture challenges to the Court of Federal Claims.[4]

We leave open the question whether the government's efforts to provide notice were constitutionally sufficient. If the district court reaches this issue, it should be considered in light of *Sarit v. U.S. Drug Enforcement Admin.*, 987 F.2d 10 (1st Cir.1993), and cases cited therein.

The government also contends that Clagett failed to carry his burden of establishing standing. *See United States v. Real Property*, 976 F.2d 515, 520 (9th Cir.1992) (claimant must establish by a preponderance that he has an interest in the property). The district court did not rule on this issue, however, and so we leave open the question of Clagett's standing. We note, however, that as a pro se

litigant Clagett has sufficiently alleged an interest in the seized money. Before the district court makes a finding on this issue, a further opportunity to present evidence should be made available to the parties.

### III.

The judgment of the district court is reversed. The case is remanded with instructions to consider the question of standing and, if necessary, Clagett's claim of inadequate notice. *See Marshall*, 893 F.2d at 1103.

**REVERSED** and **REMANDED.**

---

3. The statement in question reads: "If ... the government has not complied with its statutory duty to initiate a judicial forfeiture proceeding after the filing of a timely claim and bond, [the claimant's] remedy [is] to file a due process claim with the United States Claims Court pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1)." *Elias*, 921 F.2d at 875. The statement is dicta because the primary remedy available to the claimant in *Elias* was to file in district court a motion for return of the property pursuant to the statute now codified at 21 U.S.C. § 888(c). *See Elias*, 921 F.2d at 873 ("If, as claimed by Elias, no complaint was filed [by the Attorney General] after [Elias] filed a claim and posted bond, a remedy at law was available under section [888(c)]."). There was no reason to think this remedy was unavailable to the *Elias* claimant. As the court stated, "[w]hether he lost the opportunity to invoke the appropriate statutory remedy provided by 21 U.S.C. § [888(c)] ... is not clear from the meager showing made by [Elias]." 921 F.2d at 874. Indeed, there is reason to think that

such lost opportunity is irrelevant. *See id.* ("[f]ailure to comply with a remedy at law does not make it inadequate"). Thus, given a presumably adequate remedy at law under section 888(c), there was no need for the *Elias* court to discuss the alternative of filing an action in the Court of Federal Claims.

Incidentally, the remedy under section 888(c) is not available to Clagett. He never filed a claim in the first place and therefore the Attorney General was not obligated to institute judicial forfeiture proceedings.

4. This is not to say that an action under the Tucker Act for less than $10,000 could not provide an adequate remedy at law. Unlike the Claims Court, district courts will exercise jurisdiction over due process challenges to forfeiture actions under the Tucker Act, 28 U.S.C. § 1346(a)(2). *Marshall Leasing*, 893 F.2d at 1100–01; *Simons v. United States*, 497 F.2d 1046, 1049 (9th Cir.1974).