61 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Eugene BALL, Plaintiff-Appellant,
v.
James WILLIAMSON, Special Agent with Drug Enforcement
Administration; Steve Daupin, Special Agent; Pat
Luther, Special Agent, Defendants-Appellees.
 No. 94-16900.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Appeal from the United States District Court for the District of Arizona; No. CV-93-00905-PGR; Paul G. Rosenblatt, District Judge, Presiding.
 D.Ariz.
 Affirmed in part, Reversed and Remanded in part.
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Eugene Ball appeals pro se the district court's grant of summary judgment for the defendants, Drug Enforcement Administration ("DEA") agents, in his action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm in part, and reverse and remand, in part.
 
 
 3
 On December 11, 1992, Ball was arrested on drug charges and the DEA seized Ball's vehicles and personal property. Ball received notices of seizure from the DEA dated January 15, 1993 and February 16, 1993, at the facility in which he was incarcerated. The notices set out the procedures, both administrative and judicial, to be followed if a claimant wished to contest the seizure. Ball filed this complaint in federal court contesting the seizure on the basis of Fourth Amendment violations, claiming that he was an innocent owner, stating that he "made every effort to regain [his] property," and attaching eight Inmate Legal Services forms and two inmate grievances requesting the forms and legal material necessary to file a petition for remission. The district court granted summary judgment for the defendants ruling that (1) Ball's Fourth Amendment claims were barred by collateral estoppel, and (2) the district court lacked jurisdiction over the forfeiture claim. Ball timely appeals. Because we conclude that Ball states a claim for access to the courts, we reverse and remand, in part.
 
 
 4
 * Forfeiture Claim
 
 
 5
 Ball contends that the district court erred by ruling that he is collaterally estopped from claiming that the seizure of his property was improper because it was in violation of the Fourth Amendment. This contention lacks merit because Ball had a full and fair opportunity to litigate this issue in his criminal case.[1] See U.S. v. Real Property Located at Section 18, 976 F.2d 515, 518 (9th Cir. 1992) ("doctrine of collateral estoppel prevents relitigation by the parties of issues actually litigated and necessarily decided in a prior action"). Accordingly, the district court properly ruled that collateral estoppel barred Ball's Fourth Amendment claim. See id.
 
 
 6
 Ball next contends that the district court erred by ruling that he could not challenge the propriety of the forfeiture. This contention lacks merit.
 
 
 7
 A claimant may contest the propriety of a seizure of property under 21 U.S.C. Sec. 881 either administratively, by filing a petition for remission or mitigation, or judicially, by filing a claim of ownership and posting a bond. See 19 U.S.C. Secs. 1607-07; 1618; 21 C.F.R. Secs. 1316.71-1316.81. If "notice was adequate the forfeiture proceeding provided an adequate legal remedy and [the claimant] will not be entitled to equitable relief." United States v. Clagett, 3 F.3d 1355, 1356 n.1 (9th Cir. 1993). If, however, the claimant has no adequate remedy at law, equitable relief is available. United States v. Elias, 921 F.2d 870, 871 (9th Cir. 1990).
 
 
 8
 Because Ball does not dispute that he received adequate notice, he had an adequate remedy at law. See Clagett, 3 F.3d at 1356 n.1. Accordingly, the district court did not err by declining to fashion equitable relief. See Elias, 921 F.2d at 871.
 
 II
 Access to the Courts
 
 9
 Ball alleged in his complaint that he attempted to file a petition for remission but that despite numerous requests to Inmate Legal Services, he was unable to get the required forms and legal material. Liberally construed, this allegation states a claim for denial of access to the courts or administrative proceedings based on an "actual injury." See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).
 
 
 10
 Accordingly, we reverse and remand to the district court to allow Ball an opportunity to amend his complaint to allege facts by which he was denied forms and statutory material, and to name the persons responsible. See McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992) (pro se claims should be liberally construed).
 
 
 11
 AFFIRMED in part, REVERSED and REMANDED in part.[2]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Ball's criminal conviction was affirmed by this court in United States v. Ball, No. 93-10603, 1994 U.S. App. LEXIS 25019 (9th Cir. September 7, 1994)
 
 
 [2]
 The district court did not abuse its discretion by denying Ball's motion for appoint counsel on the basis that Ball had failed to present exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)