66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeanne MANARITE, Defendant-Appellant.
 No. 94-10126.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeanne Manarite appeals pro se the district court's denial of her Fed.R.Crim.P. 41(e) motion for return of $2,400 seized from her residence by the Federal Bureau of Investigation ("FBI") under 21 U.S.C. Sec. 881.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Manarite contends that the district court erred by ruling that she received adequate notice of the seizure, and thus was not entitled to equitable relief. This contention lacks merit.
 
 
 4
 A district court may consider a claim for equitable relief where the claimant challenges the adequacy of notice of the seizure. United States v. Clagett, 3 F.3d 1355, 1356 (9th Cir.1993). If, however, "notice was adequate the forfeiture proceeding provided an adequate legal remedy and [the claimant] will not be entitled to equitable relief." Id. at 1356 n. 1.
 
 
 5
 This court has held that the procedures mandated by 19 U.S.C. Sec. 1607 provide adequate notice of forfeiture proceedings. United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990). "Section 1607(a) provides that written notice of a seizure of specified property and of the intention to forfeit it shall be published for at least three successive weeks. In addition, written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article." Id. (internal brackets and quotations omitted).
 
 
 6
 Here, on December 15, 1992, the government sent a notice of seizure to Manarite at her residence in Las Vegas, Nevada. This notice was returned to the FBI marked "unclaimed," and the envelope showed that the post office had left notices on December 19 and December 29, 1992, and January 3, 1993. Notice was also sent to the attorney who appeared with Manarite at her initial appearance.[2] In addition, the FBI published a notice of seizure in the New York Times for three successive weeks beginning on January 3, 1993.
 
 
 7
 Manarite nevertheless contends that she did not receive adequate notice of the seizure because (1) she was in custody at the time the notice was sent to her home, and (2) she did not have access to the New York Times in jail. The record, however, reveals that Manarite was released from custody after posting bail on December 3, 1992, approximately 24 hours after she was arrested and nearly two weeks before the government sent her the notice of seizure. Because Manarite received adequate notice, she had an adequate remedy at law, and therefore was not entitled to equitable relief. See Clagett, 3 F.3d at 1356 n. 1. Accordingly, the district court did not err by denying her Rule 41(e) motion. See Elias, 921 F.2d at 871.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's motion to strike is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In her complaint, Manarite also requested the return of personal property and the government agreed to this request. Because Manarite does not raise this issue on appeal, we need not address it. See Eberle v. City of Anaheim, 901 F.2d 814, 817-18 (9th Cir.1990) (any claim not raised in the opening brief is deemed waived)
 
 
 [2]
 The FBI also sent the notice of seizure to Manarite's husband (1) at their Las Vegas, Nevada residence, (2) at Clark County Detention Center, and (3) care of his attorney. The notice sent to the Manarite's residence was returned "unclaimed" after three delivery notices. Both the notice to the attorney and the notice sent to Clark County jail were returned as undeliverable