70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gustavo ENRIQUEZ, Defendant-Appellant.
 No. 95-10151.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gustavo Enriquez appeals pro se the district court's denial of his Fed.R.Crim.P. 41(e) motion for return of property seized by the Drug Enforcement Agency ("DEA"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Enriquez correctly contends that the district court erred by failing to construe his Rule 41(e) motion as claim for civil equitable relief under the Administrative Procedure Act. See United States v. Clagett, 3 F.3d 1355, 1356 n. 2 (9th Cir.1993). However, we affirm the district court's judgment because the record reveals that Enriquez received adequate notice of the seizures, see id. at 1357 (citing Sarit v. U.S. Drug Enforcement Admin., 987 F.2d 10 (1st Cir.), cert. denied, 114 S.Ct. 241 (1993)), and thus was not entitled to equitable relief, see United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990).[1]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also reject Enriquez's argument that the district court erred by dismissing his claim that the government failed to established that the automobiles seized had in fact been forfeited