78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1991 MERCEDES BENZ 500SL, VIN # WDBFA61E3MF028249; One
1992 Range Rover, Vin # SALHV1240NA611473, Defendants,
Ronald Reed, Claimant-Appellant.
 
 No. 95-56076.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Reed appeals pro se the district court's order denying his motion for reconsideration of a judgment of forfeiture against a 1991 Mercedes Benz and a 1992 Range Rover ("the vehicles"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 For the first time on appeal, Reed contends that the forfeiture violates double jeopardy and the government contends that Reed received adequate notice of the forfeiture action. We will consider an issue raised for the first time on appeal if (1) there are "exceptional circumstances" why the issue was not raised below, (2) there is a change in the law, or (3) the issue presented is purely one of law. United States v. Robertson, 52 F.3d 789, 791 (9th Cir.1994).
 
 
 4
 Here, the district court denied Reed's motion before the government responded to Reed's contention that he had not received adequate notice of the forfeiture. Given this "exceptional circumstance," we will consider the government's argument on appeal, including exhibits. See id. We also address Reed's argument regarding double jeopardy because it is purely an issue of law. See id.
 
 
 5
 A district court may consider a claim for equitable relief where the claimant challenges the adequacy of notice of the seizure. United States v. Clagett, 3 F.3d 1355, 1356 (9th Cir.1993). If, however, "notice was adequate the forfeiture proceeding provided an adequate legal remedy and [the claimant] will not be entitled to equitable relief." Id. at 1356 n. 1.
 
 
 6
 The procedures mandated by 19 U.S.C. § 1607 provide adequate notice of forfeiture proceedings. United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990). "Section 1607(a) provides that written notice of a seizure of specified property and of the intention to forfeit it shall be published for at least three successive weeks. In addition, written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article." Id. (internal brackets and quotations omitted).
 
 
 7
 Here, Reed's attorney sent a letter to the government confirming that his "office has been authorized to accept service of process of the Complaint for Forfeiture." The government then sent a notice of forfeiture to Reed's attorney via certified mail. Notice of the forfeiture was also published in the Los Angeles Daily Journal. Neither Reed nor his attorney filed a claim.[1] Because Reed received adequate notice, he had an adequate remedy at law, and therefore was not entitled to equitable relief. See Clagett, 3 F.3d at 1356 n. 1. In addition, an administrative forfeiture of unclaimed property does not constitute punishment for purposes of the Double Jeopardy Clause. See United States v. Cretacci, 62 F.3d 307, 310 (9th Cir.1995). Accordingly, because Reed failed to contest the forfeiture, Clagett, 3 F.3d at 1356 n. 1, his Double Jeopardy claim is precluded by Cretacci, 62 F.3d 310.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Reed's motion to strike is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Both Reed's sister and father filed verified claims to the vehicles. Reed's sister withdrew her claim and Reed's father entered into a consent judgment with the government