87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert F. JOHNSON, Defendant-Appellant.
 No. 95-35915.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1996.
Decided June 12, 1996.
 
 1
 Before: BROWNING and T.G. NELSON, Circuit Judges, and SMITH,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Johnson concedes that he did not file a claim for the property or post a bond. In United States v. Cretacci, we held that a criminal prosecution following an administrative forfeiture of unclaimed property does not offend the Double Jeopardy Clause. 62 F.3d 307 (9th Cir.1995), petition for cert. filed, (Feb. 13, 1996) (No. 95-7955). See also, United States v. Castro, 78 F.3d 453, 456-57 (9th Cir.1996) ("There is no authority for finding that anything less than a legally sufficient claim and bond precludes the government from determining that the property is abandoned as a matter of law and the forfeiture is uncontested.").
 
 
 4
 The Government provided adequate notice of the administrative forfeiture to satisfy the relevant statutes and regulations and due process. The government is required to publish, not personally to serve, notice prior to forfeiture. Supplemental Rule C(4) for Certain Maritime and Admiralty Claims; 28 U.S.C. § 2461; United States v. $184,505.01 in U.S. Currency, 72 F.3d 1160, 1163 (3rd Cir.1995). Due process requires only that notice of an administrative forfeiture proceeding be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." United States v. Castro, 78 F.3d 453, 456 (9th Cir.1996) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). The DEA not only published notice for three consecutive weeks in USA Today, but sent notices to three addresses connected to Johnson, at least one of which was the location of a seizure. There is no indication that the addresses were inaccurate or that the DEA knew Johnson's whereabouts. The fact that Johnson was "at large" when the notices were mailed does not render unreasonable the notice provided by the Government. Cf. Madewell v. Downs, 68 F.3d 1030, 1047 (8th Cir.1995) ("Any confusion about Madewell's actual residence was the result of Madewell's own conduct, not the result of a willful failure to send notice to an address the DEA knew or should have known."). The Government provided notice that was "legally satisfactory at the time it [was] sent." Sarit v. United States Drug Enforcement Admin., 987 F.2d 10, 14 (1st Cir.1993) (cited with approval in United States v. Clagett, 3 F.3d 1355, 1357 (9th Cir.1993)).
 
 
 5
 Johnson was not coerced into waiving his double jeopardy rights by the threat that a claim to the property would be used against him in a criminal trial or by the bond requirement. The double jeopardy right is a right not to be subjected to a second proceeding if jeopardy has attached in a prior proceeding. Johnson was not exposed to jeopardy in the uncontested forfeiture proceedings. Moreover, the notices of seizure sent by the DEA specifically advised that a party who desires to contest an administrative forfeiture may request a waiver of the bond if indigent.
 
 
 6
 Nothing in Cretacci forces a property owner to file a claim if contesting the forfeiture would be frivolous. The property owner must balance the pros and cons of contesting an administrative forfeiture, and by choosing to inject himself or herself into those proceedings, runs the risk of Federal Rule of Civil Procedure 11 sanctions.
 
 AFFIRMED.[1]
 
 
 *
 The Honorable Fern M. Smith, District Judge, United States District Court for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Johnson's appeal fails on the merits, we need not address the effect of Antiterrorism and Effective Death Penalty Act of 1996