87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VNR IMPORT INC., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-55195.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1996.*
Decided June 13, 1996.
 
 Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 VNR Import, Inc. appeals the district court's denial of VNR's motion seeking the return of property seized by the United States Customs Service.
 
 
 3
 We AFFIRM.
 
 I. ADEQUATE NOTICE
 
 4
 VNR argues that the Customs Service failed to adequately notify VNR of the forfeiture proceeding. In order for the notice to be adequate, the Customs Service must satisfy the statutory requirements of 19 U.S.C. § 1607 as well as the notice requirements of the Due Process Clause of the Fifth Amendment.
 
 
 5
 In addition to sending "written notice of seizure together with information on the applicable procedures," 19 U.S.C. § 1607(a), the Customs Service was required to publish notice "in a newspaper in the Customs district and the judicial district in which the property was seized for at least three successive weeks." 19 C.F.R. § 162.45. The publications in the Los Angeles Daily Journal on March 3, 10, and 17 satisfy the publication requirement. The Customs service met its statutory notice requirements.
 
 
 6
 The Due Process Clause of the Fifth Amendment requires notice in this type of proceeding to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). In other words, "[t]he means employed must be such as one desirous of actually informing the [party] might reasonably adopt to accomplish it." Id.
 
 
 7
 The notice was sent by certified mail to the address indicated on Customs Form 5106, which was completed by VNR. The Customs Service received a certified return receipt from this address. The district court found that the Customs Service scheduled two meetings with VNR's president. This notice was "reasonably calculated, under all the circumstances," to apprise VNR of this action and to give VNR an opportunity to present their objections.
 
 II. FACTUAL FINDINGS
 
 8
 VNR contends that the district court erred in its findings of fact. These findings are reviewed for clear error. In re Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d 847 (9th Cir.1991). VNR argues that: 1) VNR did not provide the address to the Customs Service; 2) Form 5106 never existed; and 3) the Customs Service should have sent the notice to the post office box address that appeared on its bills of lading.
 
 
 9
 Customs Regulation 19 C.F.R. § 24.5 requires each entity that imports merchandise into the United States to file Form 5106--containing a mailing address--with the Customs Service. This information is entered into the Customs Service computer records and is used to identify and locate specific importers. The fact that the Customs Service could not produce the original Form 5106 does not make the district court's factual determinations clearly erroneous.
 
 
 10
 Although the Customs Service could have sent the notice to the address that appeared on the bills of lading, it acted reasonably by sending the notice to the address listed in the Customs Service computer records for VNR. See Sarit v. United States Drug Enforcement Admin., 987 F.2d 10, 14 (1st Cir.1993)[1] (holding that "the DEA acted reasonably on the information it had when notice was sent by mailing notice to the address from which the property was seized" even though the DEA could have ascertained the correct address of the plaintiffs).
 
 III. RULE 41(e)
 
 11
 VNR argues that the district court erred in holding that Fed.R.Crim.P. 41(e) "does not provide a vehicle for the recovery of claimant's property in this civil forfeiture action." The district court did not err.
 
 
 12
 Fed.R.Crim.P. 54(b)(5) expressly provides that the Federal Rules of Criminal Procedure "are not applicable to ... civil forfeiture of property for violation of statute of the United States." In United States v. U.S. Currency $83,310.78, 851 F.2d 1231, 1233 (9th Cir.1988) we held that "Rule 54(b)(5) compels the dismissal of Rule 41(e) motion in a civil forfeiture proceeding where there are no criminal proceedings pending and the property was not seized for use in a criminal prosecution." Here, the property was subject to civil forfeiture for violation of 21 U.S.C. § 863 (proscribing sale, transportation, and importation of drug paraphernalia). VNR's motion under Rule 41(e) was properly denied.
 
 IV. EQUITABLE JURISDICTION
 
 13
 VNR contends that the district court erred by not exercising its power of equitable jurisdiction under United States v. Clagett, 3 F.3d 1355 (9th Cir.1993). In Clagett, we recognized that if "the forfeiture proceeding was never available to [the claimant] in any meaningful sense" because the notice was inadequate, then it cannot be considered an adequate remedy at law. Id. at 1356. We also noted that "if notice was adequate[,] the forfeiture proceeding provided an adequate legal remedy and [the claimant] will not be entitled to equitable relief." Id. at 1356 n. 1. Since the Customs Service gave VNR adequate notice of the forfeiture proceeding, VNR had an adequate legal remedy and is not entitled to equitable relief. The fact that VNR did not challenge the forfeiture proceeding does not affect the adequacy of VNR's legal remedy. See United States v. Elias 921 F.2d 870 (9th Cir.1990) ("Failure to comply with a remedy at law does not make it inadequate so as to require the district court to exercise its equitable jurisdiction.").
 
 V. LEGALITY OF THE SEIZURE
 
 14
 VNR argues that the district court erred by declining to reach the issue of the legality of the seizure. The Customs Service provided statutorily and constitutionally sufficient notice of the seizure and forfeiture proceedings. Since the notice was adequate, VNR had an adequate remedy at law to challenge the legality of the seizure. The forfeiture proceeding was the proper forum to challenge the legality of the seizure. "We cannot come in, deus ex machina, and save a claim where notice is constitutionally sufficient[.]" Sarit, 987 F.2d at 17. VNR contends that we should hear the claim because it never received actual notice. "Absent a legal defect in the notice, however, we cannot correct any residual ineffectiveness." Id.
 
 VI.
 
 15
 The notice was sufficient under 19 U.S.C. § 1607 as well as under the Due Process clause. VNR's motion under Rule 41(e) was properly denied. Since the Customs Service gave VNR adequate notice of the forfeiture proceeding, VNR had an adequate legal remedy and is not entitled to equitable relief.
 
 
 16
 Affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(A) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We adopted the First Circuit's analysis of adequate notice in United States v. Clagett, 3 F.3d 1355, 1357 (9th Cir.1993) by stating: "We leave open the question of whether the government's efforts to provide notice were constitutionally sufficient. If the district court reaches this issue, it should be considered in light of Sarit v. U.S. Drug Enforcement Admin., 987 F.2d 10 (1st Cir.1993), and cases cited therein." Id