95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
1975 GMC HOUSE CAR, VIN: TZE165V100545 Defendant,
and
David Chow, Claimant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
1978 MERCEDES BENZ 260 CE, VIN: 10704412042362, it's tools
and appurtenances, Defendant,
and
David Chow, Claimant-Appellant.
 No. 95-56104, 95-56105.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, David Chow appeals pro se the district court's orders denying his motions for the return of a 1975 GMC House Car and a 1978 Mercedes Benz forfeited pursuant to 21 U.S.C. § 881. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * GMC House Car
 
 
 4
 Chow first contends that the district court erred by denying his motion for the return of the GMC House Car. This contention lacks merit.
 
 
 5
 A district court may consider a claim for equitable relief where the claimant challenges the adequacy of notice of the seizure. United States v. Clagett, 3 F.3d 1355, 1356 (9th Cir.1993). If, however, "notice was adequate the forfeiture proceeding provided an adequate legal remedy and [the claimant] will not be entitled to equitable relief." Id. at 1356 n. 1. The procedures mandated by 19 U.S.C. § 1607, that written notice be sent to interested parties and that notice of the seizure be published for three successive weeks, provide adequate notice of forfeiture proceedings. United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990) (quoting 19 U.S.C. § 1607(a)).
 
 
 6
 Here, the GMC House Car was seized incident to Chow's arrest. On July 5, 1989, the government mailed a notice of the seizure to Chow. In June 1989, the seizure of the House Car was published for three successive weeks in USA Today. Chow subsequently filed a claim and a request to proceed in forma pauperis. In May 1990, Chow withdrew his claim and entered into a settlement agreement with the government. Because Chow received adequate notice, he had an adequate remedy at law, and therefore was not entitled to equitable relief. See id.; Clagett, 3 F.3d at 1356 n. 1.
 
 II
 Mercedes Benz
 
 7
 Chow next contends that the district court erred by denying his motion for return of the Mercedes Benz on the basis that he lacked standing. This contention lacks merit.
 
 
 8
 We review de novo the district court's determination that a claimant lacks standing to challenge a forfeiture. See Ellis v. City of La Mesa, 990 F.2d 1518, 1523 (9th Cir.1993), cert. denied, 114 S.Ct. 2707 and 115 S.Ct. 311 (1994). The claimant bears the burden of showing that he or she owns or has an interest in the forfeited property. See United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1057 n. 8 (9th Cir.1994). In addition, "federal courts have consistently held that unsecured creditors do not have standing to challenge the civil forfeiture of their debtors' property." United States v. $20,193.39 United States Currency, 16 F.3d 344, 346 (9th Cir.1994).
 
 
 9
 Here, the government seized the Mercedes Benz at the residence of Gary Honore. The government sent a notice of forfeiture to Honore and to the registered owner of the car, Neville King. Chow admits that he sold the car to Honore prior to its seizure, but contends that since Honore had not completely paid him for the vehicle, Chow had an interest in the Mercedes Benz, and thus should have been sent a notice of forfeiture. Given these circumstances, the district court did not err by denying Chow's claim for lack of standing. See id.; Ellis, 990 F.2d at 1523.
 
 
 10
 Finally, Chow's contention that the forfeitures violate the Double Jeopardy Clause of the Fifth Amendment is foreclosed by the United States Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2134, 2149 (1996) (holding that civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause).[1]
 
 
 11
 Accordingly, the district court's orders are
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 We reject Chow's contention that his Fed.R.Crim.P. 41(e) motion should have been construed as a Fed.R.Civ.P. 60(b) motion