98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Franz COMBS, Jr., a/k/a Ralph James Henderson,
Defendant-Appellant.
 No. 95-50471.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest Franz Combs, Jr., appeals pro se the orders of the district court: 1) granting the government's motion for reconsideration under Fed.R.Civ.P. 60(b)(2); and 2) denying, in part, Combs's Fed.R.Crim.P. 41(e) motion for the return of property. Combs contends that the district court erred by: 1) granting the motion for reconsideration under Fed.R.Civ.P. 60(b)(2); 2) determining that Combs received adequate notice prior to the forfeiture of $44,333 in cash; and 3) finding that Combs is not entitled to interest earned from the $16,000 the government received from the sale of Combs's car. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 Combs first contends that the district court erred by granting the government's motion for reconsideration under Fed.R.Civ.P. 60(b)(2), based on newly discovered evidence. We review the district court's decision on a Rule 60(b) motion for an abuse of discretion. See Export Group v. Reef Indus., 54 F.3d 1466, 1469 (9th Cir.1995). Factual findings are generally reviewed for clear error. United States v. Lester, 85 F.3d 1409, 1410-11 (9th Cir.1996).
 
 
 4
 The government moved for reconsideration because it located files that proved that the Drug Enforcement Agency ("DEA") served Combs with a notice of intent to forfeit property. The district court determined that these files could not have been located before, through the exercise of diligence. This finding is not clearly erroneous. See id. Because the newly discovered evidence was relevant to Combs's claims, the district court did not abuse its discretion by granting the motion for reconsideration. Export Group, 54 F.3d at 1469.
 
 
 5
 Combs contends that the district court erred by ruling that he received adequate notice of the seizure, and thus was not entitled to equitable relief. "We review the district court's decision to exercise its equitable jurisdiction under Rule 41(e) for abuse of discretion. Ramsden v. United States, 2 F.3d 322, 324 (9th Cir.1993), cert. denied, 114 S.Ct. 1624 (1994). Whether notice satisfies due process is reviewed de novo. Hopi Tribe v. Navajo Tribe, 46 F.3d 908, 918 (9th Cir.), cert. denied, 116 S.Ct. 337 (1995).
 
 
 6
 A district court may consider a claim for equitable relief where the claimant challenges the adequacy of notice of the seizure. United States v. Clagett, 3 F.3d 1355, 1356 (9th Cir.1993). If, however, "notice was adequate the forfeiture proceeding provided an adequate legal remedy and [the claimant] will not be entitled to equitable relief." Id. at 1356 n. 1.
 
 
 7
 "Due process requires that the notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " United States v. Castro, 78 F.3d 453, 456 (9th Cir.1996) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990) (notice is sufficient under 19 U.S.C. § 1607, which requires notice by publication of seizure and of intention to forfeit, and written notice of seizure to be sent to each interested party). Notice is ineffective if the notifying party knew or had reason to know, at the time notice was sent, that notice would be ineffective. Robinson v. Hanrahan, 409 U.S. 38, 40 (1972) (per curiam) (notice mailed to interested party's home address inadequate where government knew that party was incarcerated awaiting trial and could not return home).
 
 
 8
 Here, on May 8, 1986, the DEA sent a notice of seizure to Combs's home address in Long Beach, California. Combs's father, who shares his son's name and residence, signed the return receipt, "E.F. Combs," on May 14, 1986. This receipt was returned to the DEA. Combs, however, was in custody at Terminal Island, California awaiting trial from April 9, 1986 until July 7, 1986. The DEA had Combs's prison address in its files, and information showing that he was there awaiting trial. The DEA did not send notice to Combs's prison address. The DEA published a notice of seizure in USA Today for three successive weeks beginning on May 21, 1986. Within days of sending the notice of seizure of the currency to the Long Beach address, the DEA sent a notice of seizure and intent to forfeit jewelry to the Long Beach address and to Combs's prison address. The jewelry and currency were seized from Combs at the same time. Finally, DEA agents visited Combs at Terminal Island at some point during his stay, in order to obtain a handwriting exemplar.
 
 
 9
 At the time the DEA sent the notice of forfeiture to Combs's residence, it knew or should have known that Combs was incarcerated and awaiting trial. Although the district court determined that the DEA could reasonably expect the notice sent to the Long Beach address to be effective, we disagree. The DEA had Combs's prison address in its files, and sent notice to him at prison concerning the intended forfeiture of the jewelry. Because the notice was not reasonably calculated to apprise Combs of the intended forfeiture, measured from the time it was sent, Combs did not receive adequate notice of the seizure and intended forfeiture of his currency. See Hanrahan, 409 U.S. at 40. The fact that the DEA published the notice in a newspaper does not change our conclusion, because the DEA's actions, under all the circumstances, were not reasonably calculated to apprise Combs of the intended forfeiture. See Castro, 78 F.3d at 456. Because Combs did not have an adequate remedy at law, we reverse the district court's judgment that Combs was not entitled to equitable relief. Cf. Clagett, 3 F.3d at 1356 n. 1; Elias, 921 F.2d at 873.
 
 
 10
 The government does not oppose a remand to the district court in order for that court to apply United States v. $277,000 U.S. Currency, 69 F.3d 1491, 1492 (9th Cir.1995), decided after the district court's judgment in this case. Under $277,000, Combs is entitled to any interest accumulated from the government's retention of the currency and the proceeds from the sale of Combs's vehicle by the government. See id. at 1497-98. We remand for a determination of any interest Combs is due.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3