104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gordon Stinson BROWNLIE, aka: James William Bryant,
Defendant-Appellant.
 No. 96-10112.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gordon Stinson Brownlie appeals pro se the district court's denial of his Fed.R.Crim.P. 41(e) motion for the return of a car, a cellphone, and a pager. Brownlie contends, and the government concedes, that the district court erred by denying his motion because Brownlie claims that the notices of forfeitures were inadequate. We review de novo a district court's decision whether to assume jurisdiction. See United States v. Matta-Ballesteros, 71 F.3d 754, 762 (9th Cir.1995). We have jurisdiction under 28 U.S.C. § 1291, and vacate and remand.
 
 
 3
 A district court may consider a claim for equitable relief where the claimant challenges the adequacy of notice of the seizure. See United States v. Clagett, 3 F.3d 1355, 1356 (9th Cir.1993). If notice was adequate, the forfeiture proceeding provided an adequate legal remedy and the claimant will not be entitled to relief. Id. at 1356 n. 1.
 
 
 4
 The district court denied Brownlie's motion because it thought it had no power to return property that had been forfeited. The district court erred. See id. at 1356.
 
 
 5
 The government urges us to uphold the district court because notice was sufficient and Brownlie lacks standing. These factual claims are best addressed to the district court. See id. at 1357 (remanding for the district court to consider claims of sufficient notice and standing).
 
 
 6
 The government also contends that the district court can be affirmed regarding its decision not to award damages for Brownlie's pager, which the government says it destroyed because the pager was contraband. The government contends that Brownlie's remedy is "an appropriate civil action," citing United States v. U.S. Currency $83,310.78, 851 F.2d 1231, 1234-35 (9th Cir.1988). U.S. Currency $83,310.78 does not say that a motion for the return of property is an inappropriate proceeding for the remedy Brownlie seeks. On the other hand, we have previously held that a Rule 41(e) motion is an appropriate action for obtaining damages for property destroyed without adequate notice. See United States v. Martinson, 809 F.2d 1364, 1367-68 (9th Cir.1987). The record is insufficient to determine whether the pager was contraband or whether Brownlie received adequate notice of the government's proposed destruction of the pager. See id. at 1356; see also Clagett, 3 F.3d at 1356 n. 1. Accordingly, we remand to the district court to consider whether to exercise its equitable jurisdiction. See Clagett, 3 F.3d at 1356.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3