122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory MAYS, Defendant-Appellant.
 No. 96-10423.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Northern District of California Thelton E. Henderson, Chief Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gregory Mays appeals pro se the district court's denial of his motion for the return of seized property pursuant to Fed.R.Crim.P. 41(e). We review de novo the district court's interpretation of Rule 41(e) and review for abuse of discretion its decision not to exercise its equitable jurisdiction pursuant to that rule. See Ramsden v. United States, 2 F.3d 322, 324 (9th Cir.1993). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, and we affirm.
 
 
 3
 Mays contends that the district court erred in denying his Rule 41(e) motion because he was not given adequate notice of the civil forfeiture of his property pursuant to 21 U.S.C. § 881. This contention lacks merit.
 
 
 4
 A Rule 41(e) motion for the return of seized property is generally not available to challenge a civil forfeiture proceeding, see United States v. $83,310.78, 851 F.2d 1231, 1233 (9th Cir.1988) (quoting Fed.R.Crim.P. 54(b)(5)), but a district court may hear such a challenge by invoking its equitable jurisdiction if the movant lacks an adequate legal remedy. See United States v. Elias, 921 F.2d 870, 872-73 (9th Cir.1990). The forfeiture proceeding itself constitutes an adequate legal remedy if it was properly noticed. See United States v. Clagett, 3 F.3d 1355, 1356 n. 1 (9th Cir.1993).
 
 
 5
 Here, the government sent Mays notice of the forfeiture action at the jail where he was incarcerated. Notwithstanding Mays's contention that he did not receive actual notice, this notice was "reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." See United States v. Castro, 78 F.3d 453, 456 (9th Cir.1996) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Because Mays received constitutionally sufficient notice of the forfeiture proceeding he did not lack an adequate legal remedy, and the district court did not abuse its discretion by denying him equitable relief. See Elias, 921 F.2d at 875; Clagett, 3 F.3d at 1356 n. 1. Accordingly, we do not address Mays's contentions regarding the merits of the government's forfeiture action.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3