**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Marvin WOODARD, Defendant—
Appellant.**

**No. 05–10574.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

USO—Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Marvin Woodard, Lompoc, CA, pro se.

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**630**

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Marvin Woodard appeals *pro se* from the district court's orders denying his various motions for return of his property seized as part of his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We hold that the district court properly denied Woodard's Federal Rule of Criminal Procedure 41(g) motion for the return of seized property. *See* Fed.R.Crim.P. 1(a)(5); *see also United States v. U.S. Currency, $83,310.78,* 851 F.2d 1231, 1233 (9th Cir.1988) (noting that a Rule 41(g) motion is unavailable to an appellant who is contesting the forfeiture of his or her property if there was an adequate legal remedy). As Woodard conceded that he received actual notice of the impending forfeiture of the disputed money, the forfeiture proceedings constituted an adequate legal remedy. *See United States v. Clagett,* 3 F.3d 1355, 1356 n. 1 (9th Cir.1993) (stating that a forfeiture proceeding constitutes an adequate legal remedy if it was properly noticed).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).